# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

**SANDY A. GARCIA,**

    **Plaintiff,**

                        **Case Number** 5:19-cv-385 _____

**v.**

**THYSSENKRUPP ELEVATOR
CORPORATION,**

    **Defendant.**

_____/

## <u>Complaint & Jury Demand</u>

1.    The Plaintiff, Sandy A. Garcia, sues Defendant, Thyssenkrupp Elevator Corporation, for negligence.

2.    Plaintiff is a resident of Texas.

3.    Defendant is a Delaware corporation with a principal place of business in Georgia.

4.    Defendant conducts business in, among other places, San Antonio, Texas.

1

5.      Plaintiff sues Defendant for damages in excess of $75,000.00.

6.      The Honorable Court has diversity jurisdiction as damages exceed $75,000.00 and the parties are residents of different states.

7.      Venue is appropriate in San Antonio, Texas as the cause of action occurred in Bexar County, Texas.

8.      Defendant is an elevator engineer.

9.      Defendant operates elevators.

10.     Elevator doors are not supposed to hit passengers.

11.     Defendant has a duty to keep passengers safe while riding their elevators.

12.     On August 27, 2018, in Bexar County, Texas, Plaintiff entered, rode and disembarked from an elevator.

13.     When disembarking from the elevator Plaintiff was injured when the elevator door slammed into her left shoulder.

14.     The elevator was defective.

15.    The elevator malfunctioned.

16.    The elevator was not supposed to hit Plaintiff.

17.    Defendant operated the elevator that injured Plaintiff.

18.    Defendant manufactured the elevator that injured Plaintiff.

19.    Defendant was solely responsible for the elevator.

20.    At all times relevant, the elevator that injured Plaintiff was under the management and control of Defendant solely.

21.    At all times relevant, Defendant had a duty to manufacture, install, inspect and maintain its elevator in a way so as not to cause harm to Plaintiff and others.

22.    Defendant had a duty to Plaintiff not to have its product slam into her left shoulder.

23.    At no time prior to Plaintiff's injury did Defendant delegate its duty to keep Plaintiff safe from the elevator that injured Plaintiff.

24.    Defendant breached its duty(ies).

25.     But for Defendant's breach Plaintiff would not have been injured.

26.     Plaintiff has suffered great harm as a result of Defendant's elevator.

27.     Defendant has superior knowledge and means of information to determine the cause of the elevator malfunction.

28.     Prior to filing suit Plaintiff requested Defendant provide an explanation as to why the accident occurred.

29.     Defendant did not respond.

Wherefore, Plaintiff demands trial by jury, judgment compensatory damages, and all other relief the Court deems appropriate and just.

Respectfully submitted this 14th day of April 2019,

/s/ Bernard R. Mazaheri
Bernard R. Mazaheri
Texas Bar Number 24066628
Mazaheri & Mazaheri
325 Shelby Street
Frankfort, Kentucky 40601
Tel – (863) 838-3838
Email – bernie@thelaborfirm.com